**SWIFT v. COLLEGIAN PRESS, Inc.**

No. 24.

Circuit Court of Appeals, Second Circuit.

Dec. 10, 1942.

Katz & Sommerich, of New York City (Henry I. Fillman and Irving S. Freedman, both of New York City, of counsel), for plaintiff-appellant.

Robert A. Pines, of New York City (Asher Blum, of New York City, of counsel), for defendant.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, having taken and copyrighted pictures of students engaged in their activities at Wellesley College, sold to the defendant the right, exclusive to August 1, 1939, to one publication of them. The defendant published seven of the pictures in the August 1937 issue of its magazine "College Humor" without what is called a "credit line" showing that they had been taken and copyrighted by the plaintiff. This suit for copyright infringement in the District Court for the Southern District of New York was the result. The complaint was dismissed on the merits after trial by court and the plaintiff has appealed.

Many of the rather complicated questions relating to the law of copyrights which have been argued are not of importance on this appeal on the facts proved and found. It was undisputed that the defendant published the pictures under a license bought and paid for. It was, consequently, not guilty of infringement if its publication was in accordance with the terms of its license. The court found that it was and if the evidence supports that finding the judgment should be affirmed. We think the evidence, though conflicting in part, amply does that. From it the Court was justified in believing that the plaintiff, Stephen K. Swift, doing business under the trade name, Authenticated News, showed a series of photographs to Mr. Pines, who represented the defendant and Pines selected the seven above mentioned with some others for publication provided they were not chosen by the New York Times to whom they had first been submitted. They were not so chosen and the defendant's selection became effective. The pictures were delivered to Pines on June 5, 1937, and when so delivered there was stamped on the back of each the following:

"Please Watch Your Credit Line:
   "Copyright 1937
" 'Authenticated News Photo'
"Reproduction rights for one issue of one publication only released on condition that the credit line be used————. This photograph must not be syndicated, rented, loaned or used for trade, advertising or display purposes without written permission and must be returned upon request.

   "Authenticated News
"Times Building.     New York, N. Y."

The plaintiff relied upon this stamped matter on the pictures to show the conditions on the right to publication agreed to and the defendant admitted that the pictures were so stamped when delivered.

The August issue of "College Humor" went on sale on, or about, July 1st in that year. Sometime before that, and while the magazine was in the process of being printed, the plaintiff called at the office of Mr. Pines who had brought in what are called imposition sheets which were proof sheets showing how the pictures had been arranged and captioned as they would appear in the magazine unless changes were made before the final printing. There was no credit line or copyright notice printed with any of the seven pictures as they appeared on the imposition sheets and the plaintiff, noticing that, said to Pines, "I notice that you do not give any credit in College Humor." To which Pines replied, "That is right, because we do not wish to discourage undergraduates from sending in their own pictures, amateurs and undergraduates. If they thought our pic-

902

tures were taken by professionals they might not want to." And to that the plaintiff responded: "Yes, I guess you are right about that, and that is all right with me."

Since the court found that "* * * the defendant made and published said printed reproductions of said seven photographs in accordance with the agreement between the parties" and had such evidence upon which to base the finding, the plaintiff failed to prove any breach of the license agreement. That the owner might consent to publication without credit of any kind is clear and if he does publication in accordance with the license is not actionable. Jones v. American Law Book Co., 125 App.Div. 519, 521, 109 N.Y.S. 706. It cannot be doubted that the copyright owner who might elect to publish without any copyright notice and thereby forego whatever protection that would give could also authorize the defendant so to publish.

Affirmed.